**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30028 |
| Plaintiff-Appellee, | D.C. No.<br>2:17-cr-00201-RSM-1 |
| v. | |
| GEORGE STEPHEN MCGOWAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted May 15, 2019**
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and FRIEDLAND, Circuit Judges.

George Stephen McGowan appeals his 160-month sentence for one count of

Access with Intent to View Child Pornography in violation of 18 U.S.C. §

2252(a)(4)(B). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review the district court's interpretations of the Sentencing Guidelines de novo, and application of the Guidelines generally for abuse of discretion. United States v. Ayala-Nicanor, 659 F.3d 744, 746 (9th Cir. 2011). "A district court abuses its discretion when it errs in its Guidelines calculation, imposes a sentence based on clearly erroneous facts, or imposes a substantively unreasonable sentence." United States v. Burgos-Ortega, 777 F.3d 1047, 1052 (9th Cir. 2015).

We do not decide whether the district court erred in determining that McGowan's prior convictions established the predicate for the 10-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(2) because error, if any, was harmless. In reviewing the applicable sentencing factors, the district court noted that McGowan had "murdered a roommate for making too much noise washing pots and pans," that as a 40-year-old he confessed to having an ongoing sexual relationship with a 14-year-old, and that "within mere days after not having anyone looking over his shoulder, he turn[ed] around and he immediately obtain[ed] a laptop and start[ed] looking at child pornography[] again." See 18 U.S.C. § 3553(a). These facts showed McGowan's inability to control his impulses, and that McGowan was "a predatory individual" who would commit future offenses "given the opportunity." Although acknowledging the serious questions raised

about the applicability of the 10-year mandatory minimum, the district court stated that "in this particular case, irregardless of whether the court found that the predicate offenses counted and, therefore, the mandatory minimum applied, for all of the reasons stated previously, the court would have applied and imposed the exact same sentence." Moreover, the applicable Guidelines range—which all parties agreed was correctly calculated—was above the mandatory minimum, and the district court explained that it was varying upward from that range because of these concerns. This record establishes that any error regarding the mandatory minimum was harmless. See United States v. Leasure, 319 F.3d 1092, 1098 (9th Cir. 2003) ("A sentencing error is harmless if the district court 'would have imposed the same sentence absent the errors.'" (quoting United States v. Matsumaru, 244 F.3d 1092, 1106 (9th Cir. 2001)); see also United States v. Ali, 620 F.3d 1062, 1074 (9th Cir. 2010) ("When an 'alleged error is harmless [it is] not a ground for resentencing.'" (alteration in original) (quoting United States v. Garro, 517 F.3d 1163, 1169 (9th Cir. 2008)).

Whether the district court meant the "just hours" remark in its Statement of Reasons—filed six days after McGowan's sentence was imposed by the district court—literally, or merely to suggest that only a short time had passed between

McGowan's release from state supervision and the "instant offense," its significance was that it showed a lack of impulse control and likelihood of re-offending. For that purpose, the precise duration of the time gap between the lack of state supervision and offending conduct did not matter.[1] See Burgos-Ortega, 777 F.3d at 1056 (finding no procedural error where "[v]iewing the record as a whole, the district court did not rest its sentence on" clearly erroneous facts). And because McGowan does not allege that there was a factual error at the time of sentencing, we are not persuaded that the district court procedurally erred. See United States v. Hernandez, 795 F.3d 1159, 1169 (9th Cir. 2015).

As for substantive unreasonableness, the district court expressly and carefully reviewed the 18 U.S.C. § 3553(a) factors, and considered any potential mitigating circumstances. "[T]he record as a whole reflects rational and meaningful consideration of [all relevant] factors." United States v. Ruiz-Apolonio, 657 F.3d 907, 911 (9th Cir. 2011) (citation omitted). The sentence was also not far above the Guideline range which, as noted above, the parties agree

_____

[1] The presentence report also states that the laptop had been purchased on March 8, 2017, that McGowan's state supervision ended after March 9, 2017, and that a review of the laptop revealed improper searches "in March."

4

was calculated correctly.  In light of McGowan's history as discussed and considered by the district court, the sentence was not substantively unreasonable.

**AFFIRMED.**